## MARK GRAY *vs.* INHABITANTS OF HOULTON.

### Aroostook, 1875.—July 1, 1875.

*Insane persons. Town.*

The written complaint required by R. S., c. 143, § 12, to be given to municipal officers, to examine and decide any case of insanity in their town, is sufficient if served upon any one of such officers.

ON EXCEPTIONS.

DEBT, brought to recover for the services and expenses of the plaintiff in conveying to the insane hospital at Augusta, one Charles McCann, a person adjudged to be insane by two justices of the peace and quorum, by virtue of R. S., c. 143, § 15.

The defendants pleaded that they did not owe.

The following complaint in writing was made and given by a brother of the insane person, to the chairman of the board of selectmen of the town of Houlton.

"HOULTON, May 10, 1873.

To the selectmen of Houlton:—Daniel McCann of Houlton, complains that his brother, Charles McCann, of said Houlton, is an insane person, dangerous to the community, and prays you immediately to inquire into the condition of said Charles McCann, and to take such further steps as you may deem proper in the premises.          (Signed,)          Daniel McCann."

This complaint was made under the provisions of R. S., c. 143, § 12.   The presiding judge ruled that such complaint should have been served upon at least two of the selectmen and thereupon, on motion of the defendant, ordered a nonsuit.   To this ruling the plaintiff excepted.

*W. M. Robinson & J. B. Hutchinson,* for the plaintiff.

*C. M. Herrin,* for the defendants.

PETERS, J.   It was decided in *Newbit* v. *Inhabitants of Appleton,* 63 Maine, 491, that a "notice and request to the overseers," required to be given by an inhabitant to enable him to recover of a town for the support of a pauper, was sufficient, if served upon

a single overseer. That case is not distinguishable from this. The reasons given for the decision in that case are as applicable here. The complaint required in this case must be a written one. It could not very well be delivered to more than one of the selectmen. It would then be the duty of that officer to communicate with his associates in regard to it.        *Exceptions sustained.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.